**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Pablo F.,

Petitioner,

v.

Todd Blanche, *Attorney General*; Markwayne Mullin, *Secretary of Homeland Security*; David Venturella, *Acting Director of U.S. Immigration & Customs Enforcement*; Marcos Charles, *Acting Executive Associate Director for Enforcement and Removal Operations*; U.S. Immigration & Customs Enforcement; U.S. Department of Homeland Security; David Easterwood, *Field Office Director for Enforcement and Removal Operations*; and Joel Brott, *Sherburne County Sheriff*,

Respondents.

File No. 26-CV-3889 (JMB/SGE)

**ORDER**

---

Joseph T. Heegaard, Ratkowski Law, St. Paul, MN; and Nicholas Ratkowski, Ratkowski Law, St. Paul, MN, for Petitioner Pablo F.

Carl Berry, United States Attorney's Office, Minneapolis, MN; and David W. Fuller, United States Attorney's Office, Minneapolis, MN for Respondents Todd Blanche, Markwayne Mullin, David Venturella, Marcos Charles, U.S. Immigration & Customs Enforcement; U.S. Department of Homeland Security; David Easterwood, and Joel Brott.

---

This matter is before the Court on Petitioner Pablo F.'s[1] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241 (Doc. No. 1 [hereinafter, "Pet."]), which names Todd Blanche, Markwayne Mullin, David Venturella, Marcos Charles, U.S. Immigration and Customs Enforcement (ICE), U.S. Department of Homeland Security (DHS), David Easterwood, and Joel Brott (together, the Respondents) (Pet.) For the reasons explained below, the Court grants the Petition.

**FINDINGS OF FACT**

1. Pablo F. is a citizen of Mexico who entered the United States on a tourist visa around June 2024 and who has lived in Minnesota ever since. (Pet. ¶¶ 2, 25.)

2. Pablo F. is gainfully employed in Minnesota, is engaged to a United States citizen, and is expecting a child. (*Id.* ¶¶ 3, 76.)

3. On July 16, 2026, Pablo F. was detained by officers of the Bloomington Police Department on his way to work. (*Id.* ¶ 3.) The Blooming Police Department then transferred custody of Pablo F. to ICE that same day. (*Id.*)

4. A Notice to Appear (NTA) was issued more than ten days after ICE took custody of Pablo F. (*Id.* ¶ 4.)

5. On September 3, 2026, Pablo F. filed this Petition. (Pet.) On September 4, 2026, the Court ordered Respondents, among other things, to respond to the Petition on or before 11:00 a.m. on September 8, 2026. (Doc. No. 3.)

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

6. On September 8, 2026, the Respondents filed a Motion for Extension of Time to File Response (Doc. No. 6), which was granted on the same day (Doc. No. 7).

7. Also on September 8, 2026, Respondents' attorney filed a Status Report stating that Respondents "intend to release Petitioner from the custody challenged in the petition no later than September 8, 2026." (Doc. No. 8 at 1.)[2]

8. On September 9, 2026, Respondents' attorney filed a "Notice," purporting to establish an agreed-upon briefing schedule for an anticipated amended habeas petition.[3] (Doc. No. 9.) Respondents did not timely file any response to the Petition.

9. As of the time of this Order—and despite Respondents' statement that they intended to release Pablo F. no later than September 8, 2026—Respondents have not filed any documentation of release, and the record presented to Court contains no information concerning release. Therefore, for purposes of this Petition, the Court concludes that Pablo F. remains detained.

[2] The Status Report also indicated that Respondents "intend to promptly rearrest Petitioner pursuant to a newly issued Form I200." (Doc. No. 8 ¶ 2.) Nothing in the Status Report addresses whether such conduct would constitute a meaningful "release," whether an agency can circumvent the habeas process by detaining a person after an intervening "release," or what impact—if any—the intervening "release" might have on the Court's analysis of the grounds in the initial Petition.

[3] Since Respondents filed this Notice, the Court received communication from counsel for Pablo F. disputing that any agreement had been reached. In light of the Court's decision to grant the prayer for relief included in the Petition, no briefing schedule is necessary, and the Court need not determine whether counsel for Respondents incorrectly represented to the Court that an agreement had been reached. In addition, the Court notes that such scheduling matters rest exclusively with the Court, not the parties. Should Respondents re-detain Pablo F., and should a new petition be filed, the Court will set forth a briefing schedule as necessary and will consider whether to waive any filing fees upon counsel's request.

## DISCUSSION

In his Petition, Pablo F. seeks immediate release, arguing that Respondents violated the warrantless arrest requirements of 8 U.S.C. § 1357(a)(2), the provisions of 8 C.F.R. 236.1, and the Fifth Amendment guarantees of procedural and substantive due process. Pablo F. further requests that the Court grant the following particular relief: (1) a declaration that "Respondents may not rely upon post-arrest proceedings or post hoc justifications to establish statutory detention authority that did not exist when [Pablo F.] was taken into custody" (Pet. ¶ 129); (2) a declaration that "Respondents lacked statutory authority to place [Pablo F.] into civil immigration detention because they failed to satisfy the requirements of 8 U.S.C. §§ 1226(a) and 1357(a)" (*id.* ¶ 130); (3) a declaration that "Respondents failed to comply with the statutory and regulatory requirements governing immigration arrests, including 8 U.S.C. § 1357 and 8 C.F.R. §§ 236.1 and 287.3" (*id.* ¶ 131); and (4) a declaration that "[Pablo F.'s] continued detention violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment" (*id.* ¶ 132).

Because Respondents failed to timely respond to the Petition, the Court considers the relief in the Petition to be unopposed, and, therefore, the Court grants the Petition. *See Rodriguez Quiroz v. Lynch*, 835 F.3d 809, 822 n.6 (8th Cir. 2016) (noting that the government waived an argument by failing to raise it in an immigration appeal); *see also Estephanny P. v. Bondi*, No. 26-CV-198 (ECT/JFD), Doc. No. 10, at *3 (D. Minn. Jan. 15, 2026) (citing *Doe v. Mayorkas*, No. 22-cv-752 (ECT/DTS), 2022 WL 4450272, at *2 (D. Minn. Sep. 23, 2022) (concluding that failure to respond is an express waiver of those arguments or claims)); *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir.

1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), overruled on other grounds by *Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

Separately and independently, the Court grants the Petition on the merits as set forth below.

**A. Right to Habeas Relief**

A writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

**B. Invalidity of Warrant**

For the reasons discussed below, the Court concludes that Pablo F. was not detained pursuant to a valid warrant.

The Court observes that even if a non-citizen is subject to mandatory detention

under 8 U.S.C. § 1225(b)(2), as interpreted by *Avila*, ICE must have valid statutory authority to arrest. *E.g.*, *Venancio P.J. v. Blanche*, No. 26-CV-2740 (ECT/JFD), 2026 WL 1862252, at *2 (D. Minn. June 29, 2026).[4] Section 1357(a)(2) permits an immigration officer to "arrest any [non-citizen] in the United States" without a warrant "if he has reason to believe that [1] the [non-citizen] . . . is in the United States in violation of any such law or regulation *and* [2] is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2) (emphasis added). The Eighth Circuit has interpreted the term "reason to believe" in section 1357(a)(2) to "mean[] constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010). Respondents, who have exclusive access to Petitioner's immigration documents, have not responded and do not argue that Pablo F.'s arrest was pursuant to any valid administrative warrant or that it was justified as a warrantless detention under 1357(a)(2). Thus, Pablo F. has shown that ICE's detention of him on July 16, 2026, was unlawful and he is entitled to release.[5] *E.g.*, *Felix*

[4] This Court has previously concluded that section 1357(a)(2) "appl[ies] to warrantless immigration arrests of individuals subject to mandatory detention under § 1225(b)(2)(A)." *Venancio P.J.*, 2026 WL 1862252 at *3 (citing *Francisco M.A. v. Blanche*, No. 26-CV-2032 (JRT/EMB), 2026 WL 1229701, at *2 (D. Minn. May 5, 2026); *Fernando C.C. v. Bondi*, No. 26-CV-1235 (LMP/JFD), 2026 WL 446408, at *2 (D. Minn. Feb. 17, 2026) ("Accordingly a warrantless arrest under 8 U.S.C. § 1357(a)(2) is a threshold exception to arrest by warrant and, after the arrest, detention may proceed under Sections 1225, 1226 and 1231."); *Espinoza-Avalos v. Blanche*, No. 8:26-CV-0191, 2026 WL 1396593, at *2 (D. Neb. May 19, 2026); *Jose Luis G.G. v. Noem*, No. 5:26-CV-05023 (KES), 2026 WL 836807, at *2–3 (D.S.D. Mar. 26, 2026)).

[5] Although the Court need not address the question of whether Pablo F.'s detention without bond violates the Fifth Amendment, it nevertheless alternatively concludes that, on balance, the *Mathews v. Eldridge* due-process factors tip in Pablo F.'s favor. Pablo F. has a significant private interest at stake (i.e., his liberty, his detention in a carceral setting, his inability to earn a living, and his separation from his grandchildren); the risk of erroneous

*Alberto J.M. v. Blanche*, No. 26-CV-2944 (LMP/DLM), 2026 WL 1906596, at *5 (D. Minn. July 2, 2026) (concluding that Respondents' arrest of petitioner was an invalid warrantless detention and ordering the petitioner's release); *Venancio P.J.*, 2026 WL 1862252, at *3 (same).

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED as follows:

1. Respondents are ORDERED to release Petitioner Pablo F. immediately, without conditions, and in any event no later than 4:00 p.m. CT on September 10, 2026.

2. Respondents may not rely upon post-arrest proceedings or post hoc justifications to establish statutory detention authority that did not exist when Petitioner was taken into custody.

3. Respondents lacked statutory authority to place Petitioner into civil immigration detention because they failed to satisfy the requirements of 8 U.S.C. §§ 1226(a) and 1357(a).

4. Respondents failed to comply with the statutory and regulatory requirements governing immigration arrests, including 8 U.S.C. § 1357 and 8 C.F.R. §§ 236.1 and 287.3.

---

deprivation through incarceration is needlessly high when inexpensive procedures such as a bond hearing protect against erroneous deprivations of liberty and separation of families; and the federal government has very little interest in incarcerating individuals en masse who pose little or no risk of flight or danger to the community. Thus, Pablo F.'s ongoing detention is also unlawful for this reason as well. *See, e.g.*, *R.M. v. Blanche*, No. 26-CV 2283 (LMP/DLM), 2026 WL 1506306 (D. Minn. May 29, 2026) (concluding that respondents' mandatory detention without bond under 8 U.S.C. § 1225(b)(2) and *Avila* violated petitioner's rights to procedural due process and ordering a bond hearing); *Jesus Alejandro G.A. v. Blanche*, No. 26-CV-1932 (LMP/ECW), 2026 WL 1383138 (D. Minn. May 18, 2026) (same).

5. Petitioner's continued detention violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.

6. On or before 11:00 a.m. CT on September 11, 2026, counsel for Respondents shall file a letter affirming that they have released Petitioner Pablo F.

7. On or before 11:00 a.m. CT on September 11, 2026, counsel for Respondents shall also file a declaration pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms with supporting documentation that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation). Respondents must submit each of the following three forms to affirm return of Petitioner's property: I-77, I-216, and G-589. If Petitioner's property is lost, Respondents must also submit form I-387, "Report of Detainee's Missing Property." If Respondents cannot provide one or more of these forms, Respondents must address why they are unable to do so.

8. Petitioner Pablo F. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 20 U.S.C. § 2412(d).

9. To the extent Petitioner Pablo F. seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 9, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court