**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Pablo F.,

Petitioner,

v.

Todd Blanche, *Attorney General*; Markwayne Mullin, *Secretary of Homeland Security*; David Venturella, *Acting Director of U.S. Immigration & Customs Enforcement*; Marcos Charles, *Acting Executive Associate Director for Enforcement and Removal Operations*; U.S. Immigration & Customs Enforcement; U.S. Department of Homeland Security; David Easterwood, *Field Office Director for Enforcement and Removal Operations*; and Joel Brott, *Sherburne County Sheriff*,

Respondents.

File No. 26-CV-3889 (JMB/SGE)

**ORDER**

---

Joseph T. Heegaard, Ratkowski Law, St. Paul, MN; and Nicholas Ratkowski, Ratkowski Law, St. Paul, MN, for Petitioner Pablo F.

Carl Berry, United States Attorney's Office, Minneapolis, MN; and David W. Fuller, United States Attorney's Office, Minneapolis, MN for Respondents Todd Blanche, Markwayne Mullin, David Venturella, Marcos Charles, U.S. Immigration & Customs Enforcement; U.S. Department of Homeland Security; David Easterwood, and Joel Brott.

---

This matter is before the Court on Petitioner Pablo F.'s[1] Motion to Enforce the Judgment granting the Petition for Writ of Habeas Corpus (Petition) against Todd Blanche, Markwayne Mullin, David Venturella, Marcos Charles, U.S. Immigration and Customs Enforcement (ICE), U.S. Department of Homeland Security (DHS), David Easterwood, and Joel Brott (together, the Respondents). For the reasons explained below, the Court grants the Motion.

**BACKGROUND**

On September 3, 2026, Pablo F. filed the Petition. (Doc. No. 1.) On September 4, 2026, the Court ordered Respondents, among other things, to respond to the Petition on or before 11:00 a.m. on September 8, 2026. (Doc. No. 3.) On September 8, 2026, the Respondents filed a Motion for Extension of Time to File Response (Doc. No. 6), which was granted on the same day (Doc. No. 7). Respondents did not, however, substantively respond to the Petition. Instead, they filed a "Status Report" indicating Respondents' intent "to release Petitioner from the custody challenged in the petition no later than September 8, 2026" (Doc. No. 8 at 1), and a "Notice," purporting to establish an agreed-upon briefing schedule (Doc. No. 9).[2] Neither pleading addressed any of the grounds for relief stated in the Petition or the itemized prayer for relief.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

[2] After Respondents filed this Notice, the Court received communication from counsel for Pablo F. disputing that any agreement had been reached. The Court declined to determine whether counsel for Respondents made fraudulent representations to the Court that an agreement had been reached.

Because Respondents did not file a response as ordered by the Court, the Court granted the unopposed Petition on September 9, 2026. Specifically, the Court granted the unopposed declaratory relief requested in the Petition, including, among other declaratory relief, a declaration that Respondents' continued detention of Pablo F. pending resolution of his removal proceedings violated constitutional due process. (Doc. No. 11 at 8.)

On September 9, 2026, Respondents permitted Pablo F. to exit the building where he was detained, but he was immediately swarmed by four ICE officers and handcuffed as soon as he stepped outside. (Doc. No. 25-3 at 4:48:45–4:49:26.)[3] The officers drove him to the back of the Whipple building and returned him to a holding cell. (Doc. No. 21 ¶¶ 8–9; Doc. No. 25 ¶ 5.) During this encounter, officers dislocated Pablo F.'s shoulder. (Doc. No. 21 ¶ 7.)[4] Pablo F. now brings this Motion seeking to enforce the Court's Order granting the Petition.

## DISCUSSION

Pablo F. argues that Respondents did not meaningfully release him as ordered by the Court because the brief amount of time that lapsed from when he exited the building

[3] The video provided by Respondents establishes that Deportation Officer Mithcell T. Olson did not effectively serve Pablo F. with the Form I-200 at the time of arrest. Instead, he holds a folded piece of paper in front of Pablo F. for at most three seconds, before putting it away and helping place handcuffs on Pablo F. (Doc. No. 25-3 at 4:48:53–56.) Thus, Respondents did not present Pablo F. with the Form I-200 before placing him in handcuffs. Given the Court's conclusion in this Order, however, the Court need not determine at this time whether this impacts the lawfulness of the officers' actions that day.

[4] Respondents do not address these allegations, arguing only that injuries sustained are beyond the scope of habeas relief. (Doc. No. 24 at 3–4.) In light of the Court's decision to require Pablo F.'s release, the Court need not address whether these officers used excessive force to handcuff and force Pablo F. back into the building.

until the officers detained him again is not a "release" at all. (Doc. No. 27 at 5–6.) In response, Respondents summarily assert, without facts or argument, that Pablo F. was released as ordered. Respondents go on to characterize the Court's September 9, 2026 Order as granting the Petition on the basis that the July 16, 2026 arrest was not valid without an administrative warrant and absent the requisite showing for a warrantless arrest under 8 U.S.C. § 1357. (Doc. No. 24 at 2 ("[T]his Court determined that Petitioner's July 16, 2026, arrest was unlawful, because the elements of § 1357 warrantless arrest were not met, nor was there a valid administrative warrant issued.").)[5] Respondents then argue that detention is lawful because prior to "releasing" Pablo F., Respondents issued a new Form I-200 administrative arrest warrant, thereby curing the identified deficiency in the original detention that precipitated the Petition. (Doc. No. 24 at 3.)

The Court disagrees with Respondents and grants the motion for two reasons. First, Respondents' assertion that they released Pablo F. lacks any legal authority and, if lawful, would render habeas relief meaningless. Surprisingly, Respondents develop no argument concerning what conduct constitutes release as a matter of law. Instead, they summarily conclude that Pablo F. was released the moment he "stepped outside of the Bishop Henry Whipple Federal Building." (*Id.* at 1.) They offer no analysis or legal authority to support the proposition that allowing someone to take a step outside of a detention facility and immediately forcing that person back inside, without any meaningful potential for leaving the facility, constitutes release. To be sure, actual physical custody is typically understood

[5] Respondents ignore all other grounds for relief in the Court's September 9, 2026 Order.

as any significant deprivation of freedom of action and is determined by asking whether, under the totality of the circumstances, a reasonable person would feel free to end the encounter and leave. *See Howes v. Fields*, 565 U.S. 499, 518 (Ginsburg, concurring) (quoting *Miranda v. Arizona*, 384 U.S. 436, 467 (1966)); *United States v. Marr*, 176 F.4th 1065, 1070–1071 (8th Cir. 2026) (quoting *United States v. Vinton*, 631 F.3d 476, 481 (8th Cir. 2011) ("the custody inquiry turns on whether, given the totality of the circumstances, a reasonable person would have felt at liberty to . . . leave or cause the agents to leave.") and *United States v. Griffin*, 922 F.2d 1343, 1349 (8th Cir. 1990) (concluding that a person is not in custody if, among other factors, the person "was free to leave," "possessed unrestrained freedom of movement," and "was placed under arrest" at the conclusion of the encounter)).

In the habeas context, a person is in custody when that person is subject to "restraints not shared by the public generally." *Jones v. Cunningham*, 371 U.S. 236, 240 (1963) ("History, usage, and precedent can leave no doubt that, besides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus."); *see also U.S. ex rel. Bailey v. U.S. Commanding Officer of Off. of Provost Marshal, U.S. Army*, 496 F.2d 324, 325 (1st Cir. 1974) (listing cases where habeas relief is available to a person who is not physically detained, but whose "freedom of movement lay within the discretion of the government," such as "when a petitioner is on parole," "awaiting trial on bail," or "on military reserve status" (citations omitted)); *Diallo v. Scott*, No. 26-CV-0975 (GJL), 2026 WL 1843102, at *3 (W.D. Wash. June 26, 2026)

(listing cases); *A.B.D. v. Wamsley*, No. 25-CV-2014 (ALA), 2026 WL 178306, at *5–8 (D. Or. Jan. 22, 2026) (listing cases); *Batz Barreno v. Baltasar*, No. 25-CV-3017 (GPG/TPO), 2026 WL 120253 (D. Colo. Jan. 15, 2026) (listing cases); *Campbell v. Almodovar*, No. 25-CV-9509 (JLR/BCM), 2025 WL 3626099, at *1 (S.D.N.Y. Dec. 15, 2025) (concluding that "any form of re-detention—including electronic monitoring and mandatory reporting—violates Petitioner's due process rights"); *Orellana Juarez v. Moniz*, 788 F. Supp. 3d 61, 67–68 (D. Mass. 2025) (concluding that a person is in custody for purposes of habeas relief when that person is subject to regular reporting and electronic home monitoring, among other conditions).

Again, Respondents make no attempt whatsoever to support their assertion that Pablo F. was released. Absent any such argument, the Court cannot agree that a reasonable person would have felt free to leave when exiting the detention facility and immediately being stopped by ICE officers. Likewise, absent some argument, the Court necessarily concludes that Pablo F. was subject to restraints not shared by the public generally when he took one step outside of the detention facility and was immediately stopped by ICE officers who forcibly returned him to a detention cell. Because Respondents do not make any legal argument that Pablo F. was ever meaningfully released from custody, the Court grants the motion and orders Pablo F.'s release.[6]

[6] To be clear, Pablo F. is not arguing, and the Court is not concluding, that an order of release in a habeas matter renders unlawful any future arrests. Rather, the Court reaches the narrow conclusion that because Respondents advance no legal argument in this case to support their assertion that Pablo F. was released from custody, and because the uncontested facts show that ICE officers immediately swarmed Pablo F. as soon as he stepped out of the building, Pablo F. was not released from custody.

Second, the Court also reaches this result for a separate and independent reason: Respondents failed to respond to the due process basis and accompanying relief included in the Petition.[7] As a result of Respondents' failure to contest this ground, the Court granted the relief requested, concluding that detention of Pablo F. during his removal proceedings violated Pablo F.'s due process rights. (Doc. No. 11 at 6 n.5, 8.)[8] Should Respondents wish to contest this ground now, after issuance of the Order granting the Petition, and after this Order granting the instant motion, they must follow the applicable Rules of Civil Procedure.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Respondents shall release Petitioner Pablo F. immediately, without conditions, and in any event no later than 4:00 p.m. CT on September 25, 2026.

2. On or before 11:00 a.m. CT on September 27, 2026, counsel for Respondents shall file a letter affirming that they have released Petitioner Pablo F.

3. On or before 11:00 a.m. CT on September 27, 2026, counsel for Respondents shall also file a declaration pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms with supporting documentation that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and

[7] Respondents failed to address this basis for the Petition in their response to the Petition and now, in response to the instant motion.

[8] In light of this decision, the Court need not address at this time whether any of the other uncontested relief granted (Doc. No. 11 at 7-8) compels immediate release.

all immigration-related documentation). Respondents must submit each of the following three forms to affirm return of Petitioner's property: I-77, I-216, and G-589. If Petitioner's property is lost, Respondents must also submit form I-387, "Report of Detainee's Missing Property." If Respondents cannot provide one or more of these forms, Respondents must address why they are unable to do so.

Dated: September 24, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court